UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ESTATE OF MENDELL CAMPBELL, SR.,
By its Special Administrator, Jatara Strickland,    Civil Case No. 2:26-cv-796
4550 North 48th Street, Apartment Number 25    Case Type:    Personal Injury
Milwaukee, Wisconsin 53218,

                 Plaintiff,

v.

UNITED STATES OF AMERICA,
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

                 Defendant.

## COMPLAINT

## THE PARTIES

1.    At all times mentioned, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., was at the time of the incident domiciled at 4550 North 48th Street, Apartment Number 25, in the City and County of Milwaukee, in the State of Wisconsin 53218.

2.    At all times mentioned, the Defendant, UNITED STATES OF AMERICA, is a sovereign government which has consented to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

3.    Plaintiff incorporates by reference each and every allegation set forth above in paragraphs one (1) through two (2) above with the same force and effect as though fully set forth herein.

4. These claims arise under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

5. The Court has personal jurisdiction over the Defendant herein pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedure.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1402(b) as the plaintiff resided in this district and the acts and omissions complained of occurred in this district.

7. Pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), the Defendant's liability will be determined by the laws of the State of Wisconsin.

8. Pursuant to 28 U.S.C. § 2674, the Defendant's liability shall be determined in the same manner and to the same extent as a private individual under like circumstances.

**COMPLIANCE WITH ADMINISTRATIVE CLAIM REQUIREMENT**

9. Plaintiff incorporates by reference each and every allegation set forth above in paragraphs one (1) through eight (8) above with the same force and effect as though fully set forth herein.

10. The Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., has complied with the requirements of 28 U.S.C. § 2675 by timely submitting its administrative claim to the United States Postal Service. Pursuant to 28 U.S.C. § 2401(b), within two years of the accrual of the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR.'s claim, more specifically on or about September 17, 2024, the Plaintiff caused a Standard Form-95 "Claim for Damage, Injury, or Death" with particulars to be served, pursuant to 28 U.S.C. §§ 2401(b) and 2675 (c), upon the appropriate agency; namely, the United States Postal Service (hereinafter "USPS").

11. At no time was any notice given that said claim was improper, or the "wrong" agency had received the claim.

2

12. On or about October 14, 2024, the USPS sent a letter to the Plaintiff's counsel, Gruber Law Offices, LLC, acknowledging receipt of the claim and advising that the Plaintiff would be notified once the processing of the claim had been completed. More than six months have passed since the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., submitted its claims to the USPS. The USPS has failed to make final disposition of the claim within six months after the Plaintiff's claims were filed and therefore the claim is deemed a final denial of the claim pursuant to 28 U.S.C. § 2675(a).

## **FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference each and every allegation set forth above in paragraphs one (1) through twelve (12) above with the same force and effect as though fully set forth herein.

14. Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., for its cause of action against the Defendant, UNITED STATES OF AMERICA, herein, and states and alleges that:

15. On or about December 1, 2023, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., was traveling westbound in the 5200 block of West Roosevelt Drive in the City and County of Milwaukee, in the State of Wisconsin in his own personal vehicle.

16. At approximately the same time and place, Mr. Ziad R. Lewis, acting as an "employee of the government" while in the scope and course of his employment with the USPS, a federal agency, was traveling southbound and was at a stop sign. Mr. Lewis was negligently operating the USPS vehicle when he failed to yield to traffic, causing a collision with the vehicle driven by the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., and also resulting in the injuries of the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR.

3

17.     The aforementioned accident and the injuries resulting therefrom were due solely and wholly to Mr. Ziad R. Lewis' negligence, carelessness, recklessness, in the operation, management, and control of his vehicle; in failing and neglecting to have the vehicle under reasonable and proper control; in failing and neglecting to keep proper lookout upon the roadways; failing and neglecting to follow the rules of the road; in failing and neglecting to yield the vehicle that had the right-of-way on the roadway; in operating the motor vehicle as to cut in front of the Plaintiff's lane of travel and creating an emergency situation of imminent collision; in so operating the motor vehicle so as to cause the same to be in such a position on the roadway as to endanger the safety to other motorists on the roadway, and in violating the statutes, ordinances, and regulations, of which the Court will take judicial notice.

18.     The aforementioned collision was caused solely by the negligence, gross negligence, carelessness and recklessness of Mr. Ziad R. Lewis while in the course and scope of his employment with the USPS and as an "employee of the government" in the moments leading up to and through the occurrence of said incident.

19.     As a result of Mr. Ziad R. Lewis' recklessness, carelessness, negligence and gross negligence, while in the scope and course of his employment with the USPS, the Defendant, UNITED STATES OF AMERICA, is vicariously liable for all of the injuries sustained by the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR.

20.     As a direct and proximate result of the negligence of Mr. Ziad R. Lewis while in the scope and course of his employment with the USPS, the Defendant, UNITED STATES OF AMERICA, is responsible for the acts of its employees, agents and servants' acts of negligence and the resulting incident wherein the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., sustained bodily injuries and damage to personal property. That such injuries were of a temporary

4

nature; that Plaintiff suffered in the past and has in the past incurred medical expenses in excess of $35,488.42; property damage, and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact.

21. Defendant, USA, is vicariously liable for the acts and omissions of Mr. Ziad R. Lewis,—an "employee of the government," pursuant to 28 U.S.C. § 2671—acting within the course and scope of his employment with Defendant USPS—a "federal agency," pursuant to 28 U.S.C. § 2671—complained of herein "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

<u>**CLAIMS FOR RELIEF**</u>

22. Plaintiff incorporates by reference each and every allegation set forth above in paragraphs one (1) through twenty-one (21) above with the same force and effect as though fully set forth herein.

23. The acts and/or omissions on the part of the Defendant and its employees, agents or servants do not fall into the "discretionary function" exception to the Federal Tort Claims Act.

24. By reason of the aforementioned collision, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., sustained serious injuries to his body.

25. By reason of the negligence, gross negligence, carelessness and recklessness of the Defendant and its employee, agent or servant, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., was severely, seriously injured, bruised and wounded, suffered for some time physical pain and injury to his body and mind; further, the Plaintiff suffered mental anguish, and became sick, sore, lame and disabled, and had been significantly deprived of the ability to enjoy life.

5

26. By reason of the foregoing, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., was compelled to and did necessarily require medical aid, medication and attention, and did become liable for medical care received.

27. By reason of the foregoing, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., was unable to attend to his usual and customary activities in the manner required for a considerable period of time.

28. By reason of the foregoing, the Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., has sustained pecuniary losses.

29. The Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., has no adequate remedy at law and continues to suffer irreparable harm as a result of the Defendant, its employee, agent or servant's conduct, and has been injured and damaged in the amount of $70,350.00.

WHEREFORE, Plaintiff, ESTATE OF MENDELL CAMPBELL, SR., demands judgment against the Defendant as follows:

1. For compensatory damages in the amount of $70,350.00 as to be determined by the Trial Court;

2.  For all taxable costs, disbursements, reasonable attorney's fees, and statutory interest; and

3. For any other and further relief, the Court may deem just and equitable.

6

Dated: May 5, 2026.    By:    s/ John J. Hansen

John J. Hansen
State Bar No.: 1092049
Ryan G. Grych
State Bar No.: 1098287
Attorneys for Plaintiff
GRUBER LAW OFFICES, LLC
411 E. Wisconsin Avenue, Floor 19
Milwaukee, WI 53202
Telephone No. 414.276.6666
Email: JJH@gruber-law.com
Email: ryangrych@gruber-law.com

7